UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-00025-RJC
3:12-cv-00744-RJC
(3:05-cr-00028-RJC-CH-1)

| | |
|---|---|
| ARCHAVIS BRIANN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Alternative Petitions for Relief under 28 U.S.C. § 2241, Writ of *Coram Nobis*, and Writ of *Audita Querela* [CV Doc. 1][1] and the Government's Motion to Dismiss Successive Petition [CV Doc. 5]. Also before the Court are Petitioner's Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 and Petitioner's second Motion to Vacate under 28 U.S.C. § 2255 in Civil Case No. 3:10-cv-00025-RJC [Case No. 3:10-cv-25, Docs. 1, 2]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

I.  **FACTUAL BACKGROUND**

On January 27, 2005, Petitioner Archavis Briann Moore ("Petitioner") was

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:12-cv-00744-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:05-cr-00028-RJC-CH-1.

charged in a Bill of Indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. § 841 (Count Two); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). [CR Doc. 1: Bill of Indictment]. The Government notified the Petitioner and the Court in accordance with 21 U.S.C. § 851 that it intended to seek an enhanced penalty based on Petitioner's prior conviction for a "felony drug offense." This offense was Petitioners conviction "on or about July 25, 2001 for the felony, Possession With Intent to Sell and Deliver Marijuana and Felony Possession of Cocaine, in the Superior Court of Mecklenburg County, North Carolina." [CR Doc. 2: Information Pursuant to Title 21, U.S.C. § 851]. After a jury trial, Petitioner was found guilty on all three counts of the Indictment. [CR Doc. 44: Verdict Form].

Prior to sentencing, the probation officer completed a Presentence Report, in which the probation officer found Petitioner's Total Offense Level (TOL) to be 34, which included a career offender enhancement pursuant to U.S.S.G. § 4B.1, and a Criminal History Category of VI, as dictated by Petitioner's career offender status. [CR Doc. 109 at ¶¶ 26, 28, 44]. The statutory maximum term of imprisonment for Count One was 10 years, 18 U.S.C. § 922(g)(1). [Id. at ¶ 64]. The statutory maximum term of imprisonment for Count Two, given the career offender status, was 30 years, 21 U.S.C. §§ 851 and 841(b)(1)(C). [Id.]. Finally, the mandatory minimum term of imprisonment for Count Three was not less than five years to life, to be served

2

consecutively to the other terms imposed, 18 U.S.C. § 924(c)(1). Pursuant to U.S.S.G. § 4B1.1(c), the guideline range for Counts One, Two, and Three was found to be 360 months to life. [CR Doc. 109 at ¶¶ 30, 31, 64].

Petitioner objected to the application of the career offender status. [CR Doc. 109 at 16: Addendum to PSR]. The probation officer summarized Petitioner's argument on this objection as follows:

> He contends that he does not have two prior convictions [for Robbery and Kidnaping] that meet the statutory requirement of USSG §4B1.1(a). The defendant contends that his two prior convictions used to determine his career offender status are related cases. He further contends that his conviction for Possession with Intent to Sell and Deliver Marijuana is not punishable by more than one year imprisonment and therefore does not meet the definition of "controlled substance offense" pursuant to USSG § 4B1.1.

[Id.]. Defendant also objected to the Criminal History Category of VI, arguing that without the improper career offender designation, his Criminal History Category should have been IV. [Id.]. Defendant also objected to the TOL calculated by the probation officer, contending that based on his non career offender status, his guideline imprisonment range should have been 92 to 115 months based on a total offense level of 26 and Criminal History Category of IV. [Id.]. The probation officer responded, noting that "[a]lthough the Robbery and Kidnaping convictions may be considered related to each other they are not related to the marijuana distribution conviction. Therefore, the [Petitioner] has at least 'two prior felony convictions' and is a career offender as defined in USSG §4B1.1(a)." [Id. at 16-17].

Petitioner's sentencing hearing was set for August 28, 2006. After extensive

3

argument, the Court ruled that, under United States v. Harp, 406 F.3d 242 (4th Cir. 2005), the career offender designation applied to Petitioner. [CR Doc. 72: Sentencing Tr.]. The Court, however, continued the hearing so that the parties could brief their positions on an appropriate sentence for Petitioner with the career offender status. [Id. at 19-20]. The parties submitted their briefs [CR Docs. 52, 53], and the hearing was resumed a month later. In sentencing Petitioner, the Court provided its analysis of the applicable sentencing scheme as follows:

> The Government has filed a proper 851 Notice in connection with the Defendant's 841 count[s] of conviction. And that Notice elevated the Defendant's maximum sentence on Count 2 from 20 years to 30 years. Since the Defendant is a career offender, based upon the previous rulings of the Court, the Defendant's offense level on Count 2, which is punishable by a maximum of 30 years, is enhanced to 34 with a Criminal History Category of six, and resulting advisory guideline range for Count 2, then, is 262 to 327 months.
>
> The Court's analysis with respect to Count 3 is that it is the violation of Section 924(c) of Title 18, punishable by a maximum sentence of life in prison. Since the Defendant is a career offender his offense level on Count 3 is 37 and his Criminal History Category is six. The advisory guidelines where a defendant is a career offender and is convicted of counts in addition to the 924(c) count and governed by Section 4(b)1.1(c)(2). That section dictates that the advisory guideline range is prescribed by the table in Section 4(b)1.1(c)(3).
>
> So, it is the conclusion of the Court that the Defendant's correct guideline range, for purposes of sentencing and for purposes [of] consulting the advisory guidelines in a 37, Criminal History Category of six. The Court having found that under the guidelines he is a career offender and those are the – that is the resulting guideline range based upon the analysis that I've just made. I think the record is complete with respect to the parties' positions

> on that analysis that I've just made. I hope the record is complete with respect to my findings. And so, a guideline range of 360 months to life is that range that the Court will consult for purposes of apply[ing] the advisory guideline range.

[CR Doc. 64-1 at 6-7: Second Sentencing Tr.]. With that backdrop, the Court sentenced Petitioner to a term of imprisonment of 120 months on Count One; a term of 300 months on Count Two, to run concurrently with the term imposed on Count One; and a term of 60 months on Count Three, to be served consecutively to the terms imposed in Counts One and Two, for a total term of imprisonment of 360 months. [CR Doc. 54 at 2: Judgment]. Judgment on Petitioner's conviction was entered on September 29, 2006. [Id.].

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals on several grounds. In pertinent part, Petitioner argued that he was improperly sentenced as a career offender because his marijuana conviction was not a qualifying felony drug conviction under North Carolina's structured sentencing statute. United States v. Moore, 304 Fed. App'x 224, 226 (4th Cir. Dec. 29, 2008). On appeal, Petitioner acknowledged that his argument was negated by Harp, but asserted that Harp should be reconsidered. Id. at 226-27. The Fourth Circuit was unpersuaded and upheld this Court's determination of Petitioner's career offender status. Id. at 227.

On January 21, 2010, Petitioner timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. [Case No. 3:10-cv-25, Doc. 1]. Petitioner stated several grounds for relief in this motion, including: (1) "ineffective assistance

5

of counsel for failing to file suppression hearing;" (2) counsel failed "to present fruit of the poisonous tree as to evidence of on illegal search;" (3) "the US Supreme Court instructs district court to elicit fully articulated objections and the grounds upon which any objection is based after imposing sentence;" and (4) "counsel failed to request video evidence of the traffic stop and the illegal search." [Id. at 4-8]. In support of his third ground for relief, Petitioner states, counsel should have known that the court should elicit fully articulated objections. Had counsel made these appropriate objection[s,] counsel could have raised many issues including the illegal sentence of 360 months." [Id. at 7].

On May 11, 2010, before initial review of Petitioner's motion was conducted, Petitioner filed a motion for leave to amend his original § 2255 motion to vacate, together with his proposed amendment. [Id., Doc. 2]. In his amendment, Petitioner provided a very detailed recitation of alleged facts related to the first, second, and fourth grounds for relief presented in his original motion. [See id. at 1-5]. Petitioner also purported to assert two additional grounds for relief. In his first additional ground for relief, Petitioner asserts another claim of ineffective assistance of counsel:

> Counsel failed to make objection upon Movant requesting counsel to object to his prior conviction(s) used under 4B1.1 Career Offender did not exceed one year and one month where Movant received suspended term of imprisonment to probation and should not have counted to qualify Movant as a Career offender when Movant did not serve a term of imprisonment pursuant to 4A1.1.

[Id., Doc. 2 at 6]. Petitioner's second additional ground for relief involved alleged misconduct of counsel that "interfered with a Government witness depriving movant

6

of due process and a fair trial."[2] [Id. at 9].

Then, on January 26, 2011, Petitioner filed another motion to vacate sentence under § 2255. In this second motion to vacate, which was filed in Case No. 3:10-cv-25 as an "Amended/Additional" motion to vacate, Petitioner sought relief from his sentence on the ground of "a newly recognized right." [Id., Doc. 3 at 4]. In support of this ground for relief, Petitioner wrote "See Attachment," but no attachment was filed with Petitioner's second motion to vacate. For relief in that motion, Plaintiff sought that "such prior conviction which did not exceed one-year as his category offense cannot be used under 4B1.1 Career Offender Enhancement." [Id. at 13]. In support of the timeliness of this second motion, Petitioner argues that his motion was filed within one year "of such decision of the court" on which Petitioner relies in support of his claim for relief. [Id. at 12 (citing Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010); Watson v. United States, 130 S. Ct. 3455 (2010); United States v. Thompson, 627 F.3d 534 (4th Cir. 2010))]. Petitioner explained that such decision "no longer allows the court to determine other than the judgment charge offense, a person could have received a greater sentence for his category conduct imposing a sentence exceeding more than a year and one month, where such sentencing judgment for his category offense was less than one year." [Id.].

Two months later, the Court issued an Order dismissing Petitioner's original Motion to Vacate, Set Aside, or Correct Sentence under Section 2255 on initial review.

---

[2] This motion to amend and proposed amendment, however, were not signed by Petitioner, nor submitted under penalty of perjury. [See id. at Doc. 2 at 10; Doc. 2-1 at 2]. It does not appear from the docket that the Court ever conducted review of this second motion to vacate or that Petitioner was notified that these filings were not properly signed.

7

[Case No. 3:10-cv-25, Doc. 4]. In dismissing Petitioner's original motion to vacate, this Court reasoned that "Petitioner failed to provide any factual basis for his claims beyond conclusory assertions." [Id. Doc. 5 at 5]. The Court's Order references and discusses only Petitioner's original motion. [Id., Doc. 1]. The Order does not consider or address Petitioner's motion to amend, proposed amendment [Id., Doc. 2], or second motion to vacate [Id., Doc. 4]. [Id., Doc. 5]. Petitioner did not appeal this dismissal.

On November 6, 2012, Petitioner filed the pending motion, which he asserts under 28 U.S.C. § 2255 and, in the alternative, under 28 U.S.C. § 2241, the writ of *coram nobis*, and the writ of *audita querela*. [CV Doc. 1]. This motion is based primarily on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which was decided on August 17, 2011, and became final 90 days later on November 15, 2011. Simmons was the Fourth Circuit's response to the Supreme Court's decision in Carachuri-Rosendo, which Petitioner cited as grounds for his second motion to vacate.[3] Petitioner then voluntarily dismissed his alternative claims under 28 U.S.C. § 2241 and the writs of *coram nobis* and *audita querela*, leaving only his claim under § 2255. [CV Doc. 4].

Next, the Government moved to dismiss the instant motion to vacate as an unauthorized successive petition under 28 U.S.C. § 2255(h). [CV Doc. 5]. The Government argues that this is Petitioner's third motion under § 2255, citing

---

[3] In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

Petitioner's original motion to vacate in Case No. 3:10-cv-25 as the first motion and a letter Petitioner wrote to the Court in his criminal proceedings requesting a reduction in his sentence pursuant to Simmons as the second motion. The Court denied the relief Petitioner sought in his letter on the ground that Petitioner had not shown that Simmons was retroactive to his sentence, which was final before Simmons.[4] [CR Docs. 98, 99]. The Government contends, therefore, that in order to proceed with the instant motion, Petitioner must have obtained authorization from the Fourth Circuit, which he did not. [CV Doc. 5 at 2]. Thereafter, Petitioner then reasserted his claim under 28 U.S.C. § 2241 in the event the Court finds Petitioner's instant § 2255 motion successive. [CV Doc. 11].

The matter was then held in abeyance pending the Fourth Circuit's *en banc* decision in United States v. Surratt, No. 14-6851. [CV Doc. 14]. In April 2017, the Fourth Circuit issued a decision in Surratt dismissing the appeal as moot after the petitioner's sentence was commuted. 855 F.3d 218 (4th Cir. 2017), cert. denied, 138 S. Ct. 554 (2017). The matter then remained in abeyance pending the Fourth Circuit's decision in United States v. Wheeler, No. 16-6073. [CV Doc. 25]. The Fourth Circuit decided Wheeler and the Supreme Court declined to issue a writ of certiorari. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). Finally, nearly seven years after Petitioner filed the pending motion, the Government responded to Petitioner's motion [CV Doc. 35] and Petitioner replied [CV Doc. 37]. Petitioner also filed a Supplemental Memorandum after the Fourth Circuit's recent

---

[4] No civil proceeding was opened on Petitioner's letter and the relief requested in the letter was not identified as a motion for relief under § 2255.

9

published decision in Braswell v. Smith, No. 19-6200 (4th Cir. Mar. 4, 2020)). [CV Doc. 39].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

By contrast, Section 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where Section

10

2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d at 333. While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

As a threshold matter, Petitioner argues that his motion to vacate in Civil Case No. 3:10-cv-25 was never fully adjudicated, and no final judgment entered, and that Petitioner's pending motion relates back to that proceeding and should not be considered a successive unauthorized petition. If so, the Court may consider the instant motion a motion to amend and revise its order in Case No. 3:10-cv-25 dismissing Plaintiff's original motion to vacate.

The Government does not address Petitioner's relation back argument and his potential right to relief under § 2255, having already moved to dismiss Petitioner's motion under § 2255 as successive. [CV Doc. 5]. Rather, the Government responds only to Petitioner's motion under § 2241. [See CV Doc. 35]. In that regard, the Government agrees that "[Petitioner's sentence on the drug-trafficking count (Count

11

Two) should not have been greater than 240 months in prison, the statutory maximum that applied without the enhancement under 21 U.S.C. §§ 841(b)(1)(C) and 851," [Id. at 5], but argues Petitioner is not entitled to relief from his sentence under § 2241 because the sentencing error is not sufficiently grave to be deemed a "fundamental defect" under Wheeler.[5] [Id. at 5-6 (citing Wheeler, 886 F.3d at 426)].

The Court, therefore, turns to the threshold relation back issue.

"[W]hen a § 2255 is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Boyd v. United States, No. 3:12-cv-00507-RJC, 2015 WL 5113274, at *1 (W.D.N.C. Aug. 31, 2015) (quoting Ching v. United States, 298 F.3d 653, 658 (2d Cir. 2002)). As noted above, no ruling ever issued on Petitioner's motion to amend his original § 2255 motion, nor were the claims in his proposed amendment or in his second motion to vacate filed in that case ever addressed. [See Case No. 3:10-cv-25, Doc. 2; see id. Doc. 4]. As such, there is a significant question as to whether the judgment dismissing Petitioner's § 2255 original motion is a final judgment. If these additional claims relate back to

---

[5] In United States v. Wheeler, the Fourth Circuit held that a defendant (1) whose sentence was affected by application of a mandatory-minimum term of imprisonment that Simmons later held should not have applied and (2) whose motion to vacate would be a second or successive motion to vacate may obtain sentencing relief under § 2241 through the savings clause, 28 U.S.C. § 2255(e). 886 F.3d 415, 429, 433-34 (4th Cir. 2018). A petitioner may be afforded relief under § 2241 through the savings clause of § 2255(e) if the following four conditions are met: (1) at the time of sentencing, settled law of the Fourth Circuit or the Supreme Court established the legality of the petitioner's sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the petitioner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Id. at 426.

Petitioner's original § 2255 motion, and were therefore timely filed, and the Court's Order dismissing the original motion was not a final judgment, Plaintiff's pending motion should be deemed a motion to amend his original motion and, therefore, timely under 28 U.S.C. § 2255(f).[6]

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend his pleading once as a matter of course within 21 days of service, or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A) and (B). Otherwise, a party seeking leave to amend must obtain leave of court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), leave should be freely given when justice requires. Id.

"When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original

---

[6] There is a one-year statute of limitations for actions filed under 28 U.S.C. § 2255. Subsection (f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

13

Case 3:10-cv-00025-RJC   Document 7   Filed 09/30/20   Page 13 of 18

pleading under certain circumstances." Pittman, 209 F.3d at 317. "Relation back is permitted when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out [-or attempted to be set out -] in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2)). In the context of a habeas motion, "conduct, transaction, or occurrence" does *not* mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in the habeas motion is considered timely, no matter how long after the original motion is filed. Mayle v. Felix, 545 U.S. 644, 664, (2005). Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id. On the other hand, new claims to do not relate back to an original claim where they arise "from separate occurrences of 'both time and type.'" Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999)).

Petitioner's original § 2255 petition in that case was timely filed. Plaintiff's motion to amend his original petition and second § 2255 motion, which should have been construed as motions to amend, were filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2255(f). The question then is whether Petitioner's proposed additional claims arose out of the conduct, transaction, occurrence set out, or that Petitioner attempted to set out, in the original timely § 2255 motion. [See Case No. 3:10-cv-25, Docs. 1, 2, 3]. If the additional claims relate back for purposes of Rule 15, then those claims should have been adjudicated in the Court's Order on Petitioner's original § 2255 motion and, having not been therein

14

adjudicated, that Order is not a final judgment on Petitioner's claims in his original § 2255 motion.

Here, in Petitioner's original motion to vacate, he asserts four grounds for relief. In the third ground, Petitioner takes issue with the District Court's alleged failure "to elicit fully articulated objections" at sentencing related to "the illegal sentence of 360 months." [Case No. 3:10-cv-25, Doc. 1 at 7]. Then, in the proposed amendment to Petitioner's original motion to vacate, Petitioner claims that his attorney failed to object to Petitioner's "prior conviction(s) used under 4B1.1 Career Offender" where Petitioner's sentences "should not have counted to qualify [Petitioner] as a Career offender … pursuant to 4A1.1." [Id., Doc. 2]. Petitioner further argues as follows:

> If counsel would have made a[n] objection and the court may have upon showing of the record could have agreed that [Petitioner's] prior suspended sentence(s) should not be counted under 4B.1 and [Petitioner] would have face[d] a maximum penalty of 20 years under 21 U.S.C. 841(b)(1)(c)(2) upon the jury finding [Petitioner] to have possessed with Intent to Distribute Cocaine Base, less than 5 grams and Marijuana of an amount of at least 150 grams.

[Id.]. Finally, in Petitioner's second motion to vacate, citing Carachuri-Rosendo, Petitioner argues that courts are no longer allowed to consider what sentence an individual could have received "for his category conduct" but only what sentence such person actually received "where such sentencing judgment for his category offense was less than one year." [Id., Doc. 3 at 12]. Although these additional claims could certainly have been more clearly articulated, the Court finds they are "tied to a common core of operative facts." See Mayle v. Felix, 545 U.S. 644, 664, (2005). That

15

is, these claims are tied to the Court's application of the career offender designation at sentencing, which resulted in a 300-month sentence on Count Two that is in excess of the 20-year maximum that would have applied absent the career offender designation. Thus, the additional claims in Petitioner's proposed amendments and second motion to vacate relate back to the original claims, and, had they been addressed, should have been deemed timely.

> Rule 54(b) of the Federal Rules of Civil Procedure provides:
>
>> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay. <u>**Otherwise, any order or other decision, however designated, that adjudicates fewer than all**</u> claims or the rights or liabilities of fewer than all parties <u>**does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities**</u>.

Fed. R. Civ. P. 54(b) (emphasis added). Because the Court's Order dismissing Petitioner's original motion to vacate adjudicated fewer than all the claims, leaving for resolution those additional claims presented by Petitioner, it is not a final judgment. [Case No. 3:10-cv-25, Doc. 4]. The Court, therefore, considers the pending motion a motion to amend Petitioner's original motion to vacate. The Court allows this amendment and addresses the merits of the pending motion under § 2255.

The issue, therefore, becomes whether Petitioner's sentence of 300 months on Count Two is lawful. Again, a federal prisoner claiming that his "sentence was

16

imposed in violation of the Constitution or the laws of the United States [ ] or that the sentence was in excess of the maximum authorized by law [ ] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). With the career offender designation, which was later determined invalid under Simmons, Petitioner became subject to a statutory maximum sentence of 300 months on Count Two. The Court finds, and the Government concedes,[7] that Petitioner's sentence on Count Two should not have been greater than a term of 240 months' imprisonment, the statutory maximum that applied without the enhancement under 21 U.S.C. §§ 841(b)(1)(C) and 851. As such, Petitioner's sentence on Count Two was "in excess of the maximum authorized by law" and Petitioner is entitled to relief under 28 U.S.C. § 2255(a).

The Court will, therefore, vacate Petitioner's sentence pursuant to the sentencing packaging doctrine and order that Petitioner be resentenced on all counts of conviction.

## IV. CONCLUSION

For the reasons stated herein, the Court orders as follows.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's "Motion for Leave to Amend 28 U.S.C. 2255" in Civil Case No. 3:10-cv-00025-RJC [Doc. 2] is **GRANTED** is accordance with the terms of this Order.

(2) Petitioner's (second) Motion to Vacate, Set Aside, or Correct Sentence

---

[7] The Government argues, however, that Petitioner is not entitled to relief from his sentence under § 2241 because the sentencing error is not sufficiently grave to be deemed a "fundamental defect" under Wheeler.

17

under Section 2255 in Civil Case No. 3:10-cv-00025-RJC [Doc. 3], which the Court construes as a motion to amend, is **GRANTED**.

(3) The Court's Order dismissing Petitioner's original Motion to Vacate Under 28 U.S.C. § 2255 in Civil Case No. 3:10-cv-00025-RJC [Doc. 4] is hereby **AMENDED** in accordance with the terms of this Order.

(4) Petitioner's "Motion to Vacate Sentence under 28 U.S.C. § 2255 and Alternative Petitions for Relief under 28 U.S.C. § 2241, Writ of *Coram Nobis*, and Writ of *Audita Querela*" in Civil Case No. 3:12-cv-00744-RJC [Doc. 1] is hereby **DENIED** and **DISMISSED** as moot.

(5) The Government's Motion to Dismiss Successive Petition in Civil Case No. 3:12-cv-00744-RJC [Doc. 5] is **DENIED** as moot.

(6) Petitioner's sentence is hereby **VACATED** and Petitioner shall be resentenced on all counts of his conviction.

(7) This matter will be scheduled for resentencing by separate order.

(6) The Clerk of Court will transmit copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: September 30, 2020

Robert J. Conrad, Jr.
United States District Judge